# United States Court of Appeals

### for the

# Eleventh Circuit

---

PENGUIN RANDOM HOUSE, HACHETTE BOOK GROUP, INC.,
HARPERCOLLINS PUBLISHERS LLC, MACMILLAN PUBLISHING
GROUP, LLC, SIMON & SCHUSTER, *et al.*,

*Plaintiffs-Appellees,*

— v. —

CHAIR, FLORIDA STATE BOARD OF EDUCATION, VICE CHAIR,
FLORIDA STATE BOARD OF EDUCATION, ESTHER BYRD, GRAZIE P
CHRISTIE, KELLY GARCIA, in their official capacities as members of the
Florida State Board of Education, *et al.*,

*Defendants-Appellants.*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA IN NO. 6:24-CV-01573-CEM-RMN
(HONORABLE CARLOS EDUARDO MENDOZA)

## SCHOOL BOARD APPELLANTS' BRIEF

HOWARD S. MARKS
SHEENA A. THAKRAR
BURR & FORMAN LLP
*Attorneys for School Board Appellants*
200 South Orange Avenue, Suite 800
Orlando, Florida 32801
(407) 540-6600

## STATEMENT REGARDING ORAL ARGUMENT

School Board Defendants-Appellants do not believe that oral argument on the issue of standing is necessary in this appeal.

# TABLE OF CONTENTS

**Page:**

STATEMENT REGARDING ORAL ARGUMENT .................................... i

TABLE OF CONTENTS ............................................................. ii

TABLE OF CITATIONS ............................................................ iii

INTRODUCTION ..................................................................... 1

STATEMENT REGARDING DEFERRING TO
THE STATE DEFENDANTS' MERITS BRIEF ........................................ 3

JURISDICTIONAL STATEMENT ..................................................... 5

STATEMENT OF THE ISSUE PRESENTED ........................................... 6

STATEMENT OF THE CASE ......................................................... 6

    A.    The Challenged Provisions and the State Defendants'
        Objection Form ........................................................ 6

    B.    Statement of Facts and The Procedural History ................ 10

    C.    Standard of Review ................................................. 12

SUMMARY OF THE ARGUMENT ..................................................... 12

ARGUMENT ......................................................................... 13

    Plaintiffs do not have standing against the School Board
    Defendants because Plaintiffs' injuries are not traceable to
    the School Board Defendants and are not redressable by a
    declaratory judgment ..................................................... 13

CONCLUSION ....................................................................... 24

CERTIFICATE OF COMPLIANCE .................................................... 25

CERTIFICATE OF SERVICE ......................................................... 26

# TABLE OF CITATIONS

**Page(s)**

**Cases**

*City of S. Mia. v. Governor of Fla.,*
  65 F.4th 631 (11th Cir. 2023)................................................................ 16

*DiMaio v. Democratic Nat'l Comm.,*
  520 F.3d 1299 (11th Cir. 2008) ........................................................ 12, 14

*Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of
  Registration & Elections,*
  36 F.4th 1100 (11th Cir. 2022) .............................................................. 13

*Lujan v. Defs. of Wildlife,*
  504 U.S. 555 (1992) ................................................................................ 13

*Sch. Bd. of Collier Cnty. v. Fla. Dep't of Educ.,*
  279 So. 3d 281 (Fla. 1st DCA 2019) ........................................................ 4

*Smith v. Owens,*
  848 F.3d. 975 (11th Cir. 2017) .............................................................. 12

*Support Working Animals, Inc. v. Governor of Fla.,*
  8 F.4th 1198 (11th Cir. 2021).................................................... 15, 21, 23

*Yates v. Pinellas Hematology & Oncology, P.A.,*
  21 F.4th 1288 (11th Cir. 2021).............................................................. 14

**Statutes**

28 U.S.C. § 1291............................................................................................ 5

28 U.S.C. § 2201.......................................................................................... 13

Fla. Stat.  § 847.001(19) ..................................................................... 8, 9, 18

Fla. Stat. § 847.012............................................................. 1, 8, 9, 17, 18

Fla. Stat. § 1001.32.................................................................................. 4, 6, 7

Fla. Stat. § 1001.42(15) ............................................................................... 4

iii

Fla. Stat. § 1006.28..................................................1-3, 6, 8-10, 17, 18, 20

Fla. Stat. § 1008.32...........................................................4, 5, 7

Fla. Stat. § 1012.796.............................................................18

**Other**

Fla. Admin. Code r. 6A-7.0714(3) .......................................7, 8

Fla. Admin. Code r. 6A-10.081.................................................18

Fla. Const. art. IX, § 2 ............................................................3

Fla. Const. art. IX, § 4(b)..........................................................6

U.S. Const. amend. I........................................................1, 6, 10

U.S. Const. art III.................................................................13

## <u>INTRODUCTION</u>

The Defendants-Appellants who file this brief are collectively referred to as the "School Board Defendants." They are the Orange County School Board's ("OCSB") Chair: Teresa Jacobs, the OCSB's members: Angie Gallo, Maria Salamanca, Alicia Farrant, Anne Douglas, Vicki-Elaine Felder, Stephanie Vanos, and Melissa Byrd (collectively the "OCSB Defendants"), the Volusia County School Board's ("VCSB") Chair: Jamie Haynes (who is no longer the Chair), and the VCSB's members: Krista Goodrich, Ruben Colon, Donna Brosemer, and Jessie Thompson (collectively the "VCSB Defendants"). Plaintiffs-Appellees sued the School Board Defendants in their official capacities.

Plaintiffs-Appellees are two Florida high-school students (suing through their parents) and various book publishers and book authors who all alleged facial First Amendment challenges, against the School Board Defendants, to two portions of section 1006.28(2), Florida Statutes (2024) that prohibit school material that is "pornographic or prohibited under s. 847.012" or that "describes sexual conduct." Fla. Stat. § 1006.28 (2)(a)2.b(I),(II) (2024) (the "Challenged Provisions"). Plaintiffs-Appellees

asserted the same constitutional claims against the Chair, the Vice Chair, and the members of the Florida State Board of Education, who Plaintiffs-Appellants also sued in their official capacities (collectively the "State Defendants"). Against all defendants, in all claims, Plaintiffs sought only declaratory relief: a declaration that the Challenged Provisions are facially unconstitutional unless the district court saved the provision prohibiting "pornographic" material by declaring that the term "pornographic" is synonymous with "harmful to minors" in which case that provision is not unconstitutional.

Under section 1006.28(2), Florida Statutes, school-district parents and residents can object to material that is prohibited by the Challenged Provisions and the School Board Defendants are required to provide the Florida Department of Education's "objection form" to objectors. The objection form replicates the language in the Challenged Provisions and that language cannot be altered. If a parent or a resident objects to a book as prohibited by the Challenged Provisions, the School Board Defendants must remove the book until the objection is resolved. If the School Board Defendants disagree with the objector's objection, the objector may

challenge the School Board Defendants' determination in which case the State Defendants have ultimate authority over the School Board Defendants' decision. Fla. Stat. § 1006.28(2)(a)(6).

## STATEMENT REGARDING DEFERRING TO THE STATE DEFENDANTS' MERITS BRIEF

In the district court, on the merits of Plaintiffs-Appellees' constitutional claims, the School Board Defendants deferred to the State Defendants' arguments regarding the constitutionality of the Challenged Provisions, and on appeal, the School Board Defendants do the same. The School Board Defendants maintain that their deferral is warranted because they must comply with Florida law and the rules promulgated by the State Defendants.

Under article IX, § 2 of the Florida Constitution, "[t]he state board of education shall be a body corporate and have such supervision of the system of free public education as is provided by law." The State Defendants' supervision overrides local control in certain instances:

> The Florida Constitution creates a hierarchy under which a school board has local control, but the State Board supervises the system as a whole. The State's broader supervisory authority may at times infringe on a school board's local powers, but such infringement is expressly contemplated—

and in fact encouraged by the very nature of supervision — by the Florida Constitution.

*Sch. Bd. of Collier Cnty. v. Fla. Dep't of Educ.*, 279 So. 3d 281, 286-87 (Fla. 1st DCA 2019) (internal quotation marks and ellipses omitted).

Florida statutes require school boards to comply with state law and rules adopted by the State Board of Education. *See, e.g.*, Fla. Stat. § 1001.32(1) ("All actions of district school officials shall be consistent and in harmony with state laws and with rules and minimum standards of the state board."); *see also* Fla. Stat. § 1001.42(15) ("Requir[ing] that all laws and rules of the State Board of Education . . . are properly enforced."). Section 1008.32, Florida Statutes specifies that "[t]he State Board of Education shall oversee the performance of early learning coalitions, district school boards . . ."

Under the State Defendants' oversight enforcement authority "[t]he Commissioner of Education may investigate allegations of noncompliance with law or state board rule and determine probable cause." Fla. Stat. § 1008.32(2)(a). "The commissioner shall report determinations of probable cause to the State Board of Education" and "require the . . . district school board . . . to document compliance with

4

law or state board rule." *Id*. If the school board cannot satisfactorily document compliance "the State Board of Education may order compliance within a specified time frame." *Id*. at § 1008.32(3). And, "[i]f the State Board of Education determines that . . . a district school board . . . is unwilling or unable to comply with law or state board rule within the specified time, the state board shall have the authority to initiate" actions including reporting non-compliance to the legislature and recommending that action be taken; withholding the transfer of state funds, discretionary grant funds, discretionary lottery funds or any other funds specified as eligible for this purpose until there is compliance; declaring the school district ineligible for competitive grants, and requiring monthly or periodic reporting on the situation related to noncompliance until it is remedied. *See* Fla. Stat. § 1008.32(4)(a)-(d).

## <u>JURISDICTIONAL STATEMENT</u>

The district court entered the final judgment that is the subject of this appeal on August 15, 2025. The School Board Defendants timely filed their notice of appeal from that final judgment on September 12, 2025. This Court has jurisdiction over this appeal under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE PRESENTED

Whether Plaintiffs-Appellees have standing to assert their First Amendment facial claims against the School Board Defendants where their alleged injury—the removal of certain books—can not be redressed by a declaratory judgment that the Challenged Provisions are unconstitutional.

## STATEMENT OF THE CASE

### A.     The Challenged Provisions and the State Defendants' Objection Form.

The OCSB and the VCSB are district school boards constitutionally vested with the authority and duty to "operate, control and supervise all free public schools within the [school district]." Fla. Const. art. IX, § 4(b); Fla. Stat. § 1001.32(2). Under section 1006.28(2), Florida Statutes (2024), the OCSB and the VCSB have "the constitutional duty and responsibility to select and provide adequate instructional materials for all students in accordance with the requirements of this part."

As to school materials, section 1006.28(2)(a)(2), Florida Statutes, requires the School Board Defendants to adopt policies regarding "an objection by a parent or a resident of the county to the use of a specific

material, which clearly describes a process to handle all objections and provides for resolution." But the actual objection form to be used in this process is "prescribed by State Board of Education rule." *Id.* Rule 6A-7.0714(3), Florida Administrative Code, incorporates that objection form into the rule and refers to it as the "Specific Material Objection Template" (the "Objection Form"). The School Board Defendants are statutorily required to comply with this administrative rule. *See, e.g.*, Fla. Stat. §§ 1001.32(2) and 1008.32.

Part I of the Objection Form—containing school specific information, like, for example, "district contact and submittal information for objections" and the school board's policies for handling objections once submitted—must be modified by the school district. Fla. Admin. Code at r. 6A-7.0714(3)(b). Part II of the Objection Form "must not be modified by school districts" except that "Districts must insert a Weblink to their processes and forms to object to instructional materials" and "Districts that do not implement their own instructional materials programs . . . must remove item 4 from Part II." *Id.* at r. 6A-7.0714(3)(c). Subsection (d) of the rule reiterates that "[t]he text of the [Objection

Form] template may not be modified except as noted in this rule and in the incorporated template." *Id.* at r. 6A-7.0714(3)(d).

Tracking the language of the Challenged Provisions, Part II, Section 3 of the Objection Form, "Basis for the Objection," requires the objector to "identify the basis for your objection" by ticking a box as follows:

☐The material is pornographic.

☐The material is prohibited under Section 847.012, F.S.

☐The material depicts or describes sexual conduct as defined in Section 847.001(19), F.S.

☐The material is not suited to student needs and their ability to comprehend the material.

☐The material is inappropriate for the grade level and age group for which it is used.

The Objection Form must be "easily accessible on the homepage of the school district's website." Fla. Stat. § 1006.28(2)(a)2.

The [objection] Process must provide the parent or resident the opportunity to proffer evidence to the [school board] that:

. . .

(b) Any material used in a classroom, made available in a school or classroom library, or included on a reading list contains content which:

> (I)     Is pornographic or prohibited under s. 847.012[1];
> (II)    Depicts or describes sexual conduct as defined in
>         s. 847.001(19) . . . .[2]

Fla. Stat. § 1006.28(2)(a)2.b(I),(II).

Any material that is subject to an objection on the basis of sub-sub-subparagraph b.(I) [as pornographic or harmful to minors] or sub-sub-subparagraph b.(II) [depicts or describes sexual conduct] must be removed within 5 school days after receipt of the objection and remain unavailable to students of that school until the objection is resolved. Fla. Stat. § 1006.28(2)(a). Parents shall have the right to read passages from any material that is subject to an objection. If the school board denies a

---

[1] Section 847.012, Florida Statutes is entitled, "Harmful materials; sale or distribution to minors or using minors in production prohibited; penalty," and is contained within the criminal obscenity chapter of the Florida Statutes.

[2] Section 847.001(19), Florida Statutes defines "sexual conduct" as "actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, or sadomasochistic abuse; actual or simulated lewd exhibition of the genitals; actual physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or, if such person is a female, breast with the intent to arouse or gratify the sexual desire of either party; or any act or conduct which constitutes sexual battery or simulates that sexual battery is being or will be committed."

parent the right to read passages due to content that meets the requirements under sub-sub-subparagraph b.(I), the school district shall discontinue the use of the material in the school district. *Id*.

The School Board Defendants are required to annually report, to the Commissioner of Education, materials that were subject to an objection, and to report materials removed. *See* Fla. Stat. § 1006.28(2)(e)(3).

## B.    Statement of Facts and The Procedural History

Plaintiffs filed this lawsuit in the United States District Court for the Middle District of Florida against the School Board Defendants and the State Defendants, seeking declaratory relief from the Defendants' alleged violation of their First Amendment rights. (Doc. 1 at 92). Plaintiffs' challenged the Challenged Provisions as facially overbroad and vague. The School Board Defendants moved for summary judgment on all of the claims that Plaintiffs asserted against them because Plaintiffs did not have standing to bring those claims. (Doc. 108). On the merits of Plaintiffs' substantive claims, the School Board Defendants deferred to the State Defendants' arguments. (*Id*. at 13-14.). The State

Defendants also moved for summary judgment on all claims. (Doc. 109). And so did Plaintiffs. (Doc. 107).

Finding that Plaintiffs had standing to sue the School Board Defendants, the district court denied the School Board Defendants' summary judgment motion, and granted Plaintiffs' summary judgment motion (Doc. 129). The district court entered judgment in favor of Plaintiffs and against Defendants on all counts of Plaintiffs' complaint (I, II, IV, V, and VII) except those counts challenging the prohibition on "pornographic" content as unconstitutional (III and VI) because the district court declared that the term "pornographic" must be construed as synonymous with "harmful to minors" so as to save that portion of the statute. (*Id.* at 50). Plaintiffs did not request, and the district court did not require, that the School Board Defendants (or the State Defendants) undertake, or refrain from undertaking, any affirmative act.

On August 15, 2025, the district court entered final judgment in Plaintiffs' favor. (Doc. 130 at 1). On September 12, 2025, the School Board Defendants timely appealed. (Doc. 141).

## C.    Standard of Review

This Court "review[s] a district court's decision on summary judgment *de novo* and appl[ies] the same legal standard used by the district court, drawing all inferences in the light most favorable to the non-moving party and recognizing that summary judgment is appropriate only where there are no genuine issues of material fact." *Smith v. Owens*, 848 F.3d. 975, 978 (11th Cir. 2017). This Court also "review[s] *de novo* basic questions concerning [its] subject matter jurisdiction, including standing." *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008).

## SUMMARY OF THE ARGUMENT

The district court erred in finding that Plaintiffs had standing to bring their asserted constitutional claims against the School Board Defendants because Plaintiffs' alleged injury is not caused by the School Board Defendants and because the declaratory judgment that Plaintiffs seek against the School Board Defendants does not redress Plaintiffs' injury.

## **ARGUMENT**

Plaintiffs do not have standing against the School Board Defendants because Plaintiffs' injuries are not traceable to the School Board Defendants and are not redressable by a declaratory judgment.

Article III of the United States Constitution limits the subject-matter jurisdiction of federal courts to "Cases" and "Controversies," which, in turn, means that litigants must have standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To have standing a plaintiff must show: (1) that plaintiff suffered an injury-in-fact (2) that plaintiff's injury is fairly traceable to the challenged conduct of the defendant; and (3) that plaintiff's injury is likely to be redressed by a favorable judicial decision. *Id.* at 560–61. "These three elements are not mere pleading requirements but rather an indispensable part of the plaintiff's case." *Ga. Ass'n of Latino Elected Offs., Inc. v. Gwinnett Cnty. Bd. of Registration & Elections*, 36 F.4th 1100, 1113 (11th Cir. 2022) (quoting *Lujan,* 504 U.S. at 561) (internal citations omitted). "That a plaintiff seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, does not relieve him of the burden of satisfying the prerequisites for standing, since a

declaratory judgment may only be issued in the case of an actual controversy." *DiMaio*, 520 F.3d at 1301 (internal quotation marks).

The district court concluded that Plaintiffs had standing on all of the claims that they asserted against the VCSB Defendants—Counts IV and VI (for a declaratory judgment that the Challenged Provisions are facially unconstitutional) and Count V (for a declaratory judgment that "pornographic" is to be construed as synonymous with "harmful to minors"). The district court also concluded that Plaintiffs had standing on the single claim that they asserted against the OCSB Defendants (Count VII for a declaratory judgment that the prohibition on material that "describes sexual conduct" is facially unconstitutional).

On appeal, this Court has an independent obligation to ensure that Plaintiffs have standing for each claim that they assert and for each form of relief that they seek in each asserted claim. *See Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1317 (11th Cir. 2021). Assuming that Plaintiffs have suffered an injury in that certain books have been removed from school library shelves, that injury was not caused by the School Board Defendants who have no control over the

Objection Form that they must use to allow objectors to identify books that must be removed from the school libraries. And, Plaintiffs' injury cannot be (and has not been) redressed by the limited declaratory relief that Plaintiffs requested in their claims against the School Board Defendants—a declaration that the challenged provisions are unconstitutional, or that the term "pornographic" must be construed in a certain way—because those declarations, without more, do not require the re-shelving of the books that have been removed, and do not mandate any changes to the Objection Form which dictates how books are removed in the first place.

The traceability and redressability prongs of the standing analysis "often travel together" and so "where a plaintiff has sued to enjoin a government official from enforcing a law" for example, this Court has explained that "he must show, at the very least, that the official has the authority to enforce the particular provision that he has challenged, such that an injunction prohibiting enforcement would be effectual." *Support Working Animals, Inc. v. Governor of Fla.*, 8 F.4th 1198, 1201 (11th Cir. 2021). The Plaintiffs do not seek an injunction here and so the

declarations that they seek must alone effectively remedy their alleged injury.

Earlier in the case below, the district court correctly concluded that Plaintiffs had standing to bring their claims *against the State Defendants*, because in asking "the key questions [of] who caused the injury and how can it be remedied the district court, in its order on the State Defendants motion to dismiss, found that while it may be local officials that physically remove the books, it is the State Defendants' interpretation of the statute—contained in the objection form—that Plaintiffs challenge in this action." (Doc. 106 at 6) (citing *City of S. Mia. v. Governor of Fla.,* 65 F.4th 631, 641 (11th Cir. 2023)). Under that reasoning, and the fact that Plaintiffs requested only limited declaratory relief, the district court should have found that Plaintiffs lack standing against the School Board Defendants.

On the traceability element, Plaintiffs did not establish that their injuries were caused by the School Board Defendants. The district court implicitly recognized this in the factual findings that it made in its Summary Judgment Order. For example, the district court explained

that the "bases on which a parent may object" as set forth in the Objection Form are lifted directly from the Challenged Provisions: that the material is pornographic, that the material is prohibited by section 847.012, Florida Statutes, or that the material depicts or describes sexual conduct. (Doc. 129 at 4–5). The district court also understood that the School Board Defendants cannot modify the (statutory) bases for objection contained in the form. (*Id.* at 4) ("Pursuant to the statute, State Defendants promulgated the Template Objection Form, in which the text relevant here, 'must not be modified by school districts.'").

The district court further explained that the statute requires that "[a]ny material that is subject to an objection [based on the Challenged Provisions] must be removed within 5 school days after receipt of the objection and remain unavailable to students of that school until the objection is resolved." (*Id.*) (quoting Fla. Stat. § 1006.28(2)(a)2). And the "State Defendants [] have final reviewing authority over removal decisions." (*Id.* at 10) (citing Fla. Stat. § 1006.28(2)(a)6). Finally, the district court noted that "if School Board Defendants fail to adequately

comply with the statute, the State Defendants may penalize them." (*Id.*) (citing Fla. Stat. § 1012.796 and Fla. Admin. Code. r. 6A-10.081).

Yet, despite these circumscriptions placed upon the School Board Defendants, the district court concluded that the School Board Defendants interpret the statute (*Id.* at 11–12). But they don't. That interpretation is reserved for the State Defendants. The district court appears to have construed the additional requirements imposed by section 1006.28(2)(a)2, Florida Statutes[1]—requiring school boards to discontinue use of material prohibited by the Challenged Provisions *even if an objection has not been made*—to allow the School Board Defendants to independently interpret the Challenged Provisions (*see* Doc. 129 at 11)

---

[1] If a school district board finds that any material "contains prohibited content under sub-sub-subparagraph b.(I) [that the material is pornographic or prohibited under Section 847.012] [the school district board] shall discontinue use of the material." *Id.* (bracketed text added).

"If the district school board finds that any other material contains prohibited content under sub-sub-subparagraphs b.(II) [i.e., that the material depicts or describes sexual conduct as defined in Section 847.001(19)]," the school district "shall discontinue use of the material for any grade level or age group for which such use is inappropriate or unsuitable." *Id.* (bracketed text added).

when, if anything, that language requires the School Board Defendants to remove books even absent an objection by interpreting the Challenged Provisions in the same way that the State Defendants interpret the statute, using the same categories contained in the Objection Form.

Plaintiffs themselves argue that the School Board Defendants have little to no discretion in how they apply the statute. (Doc. 107 at 2) (the statute "prohibits media specialists, other educators, and school districts from considering the value of the book as a whole"); (*id.* at 8) (Plaintiffs arguing that "[b]ecause of the Challenged Provisions, school districts across the State have removed or identified for removal . . . books"). Plaintiffs' dispute is thus with the statute itself and not with any actions of the School Board Defendants.

On the redressability element, Plaintiffs' standing against the School Board Defendants falls down further. That element required the district court to examine the specific relief that Plaintiffs requested and determine if that requested relief would redress the alleged wrongdoing. Here, in each claim, Plaintiffs seek only a declaratory judgment that the Challenged Provisions are unconstitutional or that, the term

"pornographic" is synonymous with "harmful to minors" so as to save that

part of the statute:

> B.    a declaratory judgment that Section 1006.28's
> prohibition on content that "describes sexual conduct" is
> unconstitutional because it abridges rights protected by the
> First Amendment to the U.S. Constitution.
>
> C.    a declaratory judgment that the term "pornographic" in
> Section 1006.28 is synonymous with the term "harmful to
> minors" as defined by Section 847.001(7) or, in the event the
> construction of the term "pornographic" as synonymous with
> the term "harmful to minors" is rejected, that Section
> 1006.28's prohibition on "pornographic" content is
> unconstitutional because it abridges rights protected by the
> First Amendment to the U.S. Constitution.

(Doc. 1 at 92).

Given this requested relief, it is hard to discern why Plaintiffs sued

the School Board Defendants at all, especially because Plaintiffs did not

request an injunction. And the district court agreed that, as against the

School Board Defendants, these declarations alone would not cause the

Objection Form to be altered (*see* Doc. 129 at 10–11) so as to change how

the statute is interpreted and how books are removed. Yet despite that

recognition, the district court reasoned that if it entered Plaintiffs'

requested declarations, those declarations would require the School

Board Defendants to "reshelve the books removed under the provisions

at issue" because otherwise "they will have removed the books on unconstitutional grounds." (*Id*. at 11); (*see also* Doc. 107 at 26) (Plaintiffs arguing that "[a] declaratory judgment against the School [Board] Defendants that the Challenged Provisions violate the First Amendment would require them to return books that they had previously removed from school library shelves"). But the requested declaratory judgment did not set those parameters and contrary to Plaintiffs' expectations, the district court's judgment does not require the School Board Defendants (or the State Defendants) to do anything. Rather, the requested and issued declaratory judgments did not, and could not, serve as the vehicle for requiring the School Board Defendants to re-shelve books that had been removed based on objections received via the Objection Form. And similarly, without an injunction enjoining the use of the Objection Form or requiring the State Defendants to modify the Objection Form, the requested and issued declaratory judgments do not not speak to what happens in the future.

Like the plaintiffs suing for an injunction in *Support Working Animals* who were required to show that the official had the authority to

enforce the particular provision that was challenged thereby ensuring that an injunction prohibiting enforcement would be effectual, the Plaintiffs here must show that their requested declarations would similarly be effectual in, at the very least, causing removed books to be re-shelved. But the declarations sought, standing alone, and without more, cannot not do that. Plaintiffs have not asked for an injunction requiring the State Defendants or the School Board Defendants to do anything—to undertake any action or to refrain from undertaking any action. Plaintiffs have not asked for a modification to the Objection Form that the School Board Defendants are required to use. And they did not bring any as-applied claims against the School Board Defendants as to the removal of any particular book.

To recap, Plaintiffs themselves argued that the School Board Defendants have been stripped of discretion when it comes to materials that should or should not be in school (*see, e.g.*, Doc. 107 at 23). But at summary judgment, Plaintiffs did not supply any evidence to show how their requested declaratory relief would actually and practically restore the School Board Defendants' discretion and "require [the School Board

Defendants] to return books that they had previously removed." (*See* Doc. 107 at 26). Instead, Plaintiffs focused on reports showing books that had been removed (*see, e.g.*, Doc. 107-10-37, Plaintiffs' Exhibit B), and while those reports may support Plaintiffs' alleged injury, they did not, without more, establish that the requested declaration *against the School Board Defendants* would require those books to be re-shelved. *See Support Working Animals,* 8 F.4th at 1205 ("Standing's redressability requirement mandates that it be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.") (internal quotation marks omitted). The likelihood of redressability is even more uncertain as to the OCSB Defendants because, as against them, Plaintiffs asserted only a claim challenging the "describes sexual conduct" portion of the statute and thus, as to them, there is not even a declaration that the term "pornographic" must be construed as synonymous with "harmful to minors" so as to save that portion of the statute. As to the OCSB Defendants, there is no declaration that these two terms must (now) be synonymously construed in the Objection Form.

Plaintiffs' injuries cannot be redressed by the district court's declarations.

## <u>CONCLUSION</u>

For the foregoing reasons, the district court's finding that Plaintiffs have standing against the School Board Defendants in Plaintiffs' asserted claims should be reversed.

Dated this 10th day of December, 2025.

Respectfully submitted,

*/s/ Sheena A. Thakrar*
Howard S. Marks (FL Bar #0750085)
Email: hmarks@burr.com
Secondary Email: echaves@burr.com
Sheena A. Thakrar (FL Bar #871141)
Email: sthakrar@burr.com
Secondary Email: acape@burr.com
BURR & FORMAN LLP
200 S. Orange Avenue, Suite 800
Orlando, Florida 32801
Telephone: (407) 540-6600
*Counsel for the School Board Appellants*

## CERTIFICATE OF COMPLIANCE WITH TYPE VOLUME LIMIT, TYPEFACE REQUIREMENTS AND TYPE-STYLE REQUIREMENTS

This brief complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because it contains 3,416 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This brief prepared in 14-point Century Schoolbook, which is a proportionally spaced font that includes serifs.

*/s/ Sheena A. Thakrar*
Sheena A. Thakrar (FL Bar #871141)

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF System, which will send a notice of electronic filing to all counsel of record.

*/s/ Sheena A. Thakrar*
Sheena A. Thakrar (FL Bar # 871141)